UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TIMOTHY J. SAMUEL                                                                                       PLAINTIFF
#68020

V.                                        No. 4:23-CV-824-DPM-JTR

DOE, Ms. Jody, Tiger Provider,
Pope County Detention Center,
Tiger Correctional; and POPE
COUNTY DETENTION CENTER                                                                       DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.   Introduction

On September 5, 2023, Plaintiff Timothy J. Samuel, a pretrial detainee in the Pope County Detention Center ("PCDC"), filed a *pro se* § 1983 Complaint alleging

that "Ms. Jody" and PCDC violated his constitutional rights. *Doc. 2*. Before Samuel may proceed with this action, the Court must screen his claims.[1]

## II.   Discussion

In his Complaint, Samuel alleges that, on August 14, 2023, he found a cockroach on his food tray. *Doc. 2 at 4*. He complained to Officer Hambright, who relayed the information to Ms. Jody.[2] *Id.* Ms. Jody told Samuel that "she would be more careful [and]…take better precaution." *Id.* Samuel complains that he was never given another food tray and seeks "to sue for improper use of food handling [and] unsanitary conditions." *Id. at 4–5*.

Because Samuel is a pretrial detainee, his conditions-of-confinement claim is analyzed under the Fourteenth Amendment's Due Process Clause. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)). To state a viable due process claim, Samuel must allege facts showing that the conditions of his confinement "rise to the level of punishment." *Id.* His allegations fall far short of that threshold.

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] According to Samuel, Ms. Jody works for Tiger Correctional—an apparent food service provider for PCDC. *Doc. 2 at 2*.

At most, Samuel alleges that Ms. Jody may have negligently allowed a cockroach to get on his food tray, and then failed to give him a new, uncontaminated food tray. "Conduct that is merely negligent or grossly negligent does not implicate the protections of the Due Process Clause." *Jackson v. Buckman*, 756 F.3d 1060, 1067 (8th Cir. 2014).

Samuel also names the PCDC itself as a Defendant. *Doc. 2 at 1–2*. It is well settled that a county detention facility is *not* a legal entity that can be sued in a § 1983 action. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *LaDeaux v. Woodbury Cnty. Jail,* 857 F. App'x 892, 893 (8th Cir. 2021).

Accordingly, Samuel's Complaint fails to contain sufficient factual matter to state a viable § 1983 claim and should be dismissed, without prejudice.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Samuel's Complaint (*Doc. 2*) be DISMISSED, without prejudice.

2.   The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 213 L. Ed. 2d 1065, 142 S. Ct. 2837 (2022).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 15th day of September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE